

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 5, 1949

Hon. Jas. M. Simpson, Sr.      Opinion No. V-874
County Attorney     Re: The validity of an
Concho County           order by the County
Eden, Texas               Board of School Trus-
                               tees to consolidate
                               the Concho County
                               portion of a dormant
                               county-line common
                               school district with
                               a rural high school
Dear Sir:                      district.

      We refer to your request for our opinion as to
the validity of an order of the County Board of School
Trustees, Concho County, acting under Article VIII, S.B.
116, 51st Legislature, consolidating that part of Salt
Gap County-Line Common School District (determined to be
"dormant" under S.B. 116) lying in Concho County, with
the adjoining Millersview Rural High School District,
lying in Concho County.

      The following facts are reflected in your sub-
mitted copy of the Concho County School Board order
passed on July 6, 1949. It shows that an election was
held on June 11, 1949, in Salt Gap County-Line School
District (of Concho and McCulloch Counties), Melvin Coun-
ty Line Consolidated Independent School District (of
Concho and McCulloch Counties), and Whiteland Common
School District (of McCulloch County) for the consolida-
tion of the three districts named; and the Commission-
ers' Court of McCulloch County on June 14, 1949, canvass-
ed the returns thereof and declared the election carried
in each of said districts, and issued an order consolida-
ting the three districts named.

      In Attorney General Opinion No. V-866 constru-
ing Article VIII, S.B. 116, 51st Legislature, this of-
fice held that a "dormant district" as defined in S.B.
116, may be consolidated with an adjoining district or
districts under the provisions of Article 2806, V.C.S.,
provided a county board has not previously consolidated
such dormant district with an adjoining district under

the authority granted it in Article VIII.  For the reasons therein set out, that holding would apply also to consolidation proceedings consummated under Sections 5a and 5b of Article 2742b, and Article 2743, V.C.S.

Article 2806, as amended by H.B. 828, 49th Legislature, provides in part:

". . . when it is proposed to consolidate contiguous county-line districts, the petitions and election orders prescribed in this Act shall be addressed to and issued by the County Judge of the county having jurisdiction over the principal school of each district and the results of the election shall be canvassed and declared by the Commissioners' Court of said County."

See also like provisions in Article 2742b, Section 5b, V.C.S.

When the orders were passed creating the Salt Gap County-Line District and the Melvin County-Line District, it was then determined which one county should manage and control, that is, have jurisdiction over, the public schools therein.  Article 2742b, Section 5a, and Article 2743, V.C.S.

If, therefore, in view of the noted provisions of Article 2806 and Section 5b of Article 2742b, McCulloch County had jurisdiction of the schools in the Salt Gap County Line and the Melvin County Line Districts, its County Judge was authorized on proper petition to call the election and its Commissioners' Court was authorized to canvass the results of the election to consolidate those two county line districts with the Whiteland District located entirely in McCulloch County. Hunt v. Trimble, 145 S.W.2d 659, (Tex. Civ. App. 1940, error ref.); Stephens v. Coffee, 133 S.W.2d 184 (Tex. Civ. App. 1939); Woodson I.S.D. v. State, 130 S.W.2d 1038 (Tex. Civ. App. 1939, error dism., cor. judg.); Donaldson v. State, 161 S.W.2d 324 (Tex. Civ. App. 1942, error ref. w.o.m.).  Presuming this to be the situation, coupled with the fact that the consolidation election was called prior to the action of the Concho County School Board and carried as prescribed by law, then the election consolidation (June 14) prevails over the subsequent order (July 6) of the Concho County Board purporting to act under Article VIII, S.B. 116.  The Salt Gap district hav-

ing been consolidated by an election with an active ad-
joining district, the purpose of Article VIII has been
fulfilled. That part of the Salt Gap County Line Dis-
trict lying in Concho County was thereafter no longer
in existance or "dormant" and would not now be subject
to an Article VIII consolidation order of the Concho
County Board.

For the reason stated in the above paragraph,
and because this consolidation is not made under S.B.
116, the provisions of S.B. 116 restricting consolida-
tion of dormant county line school districts to terri-
tory lying within the county are not applicable. Art-
icle VIII of S.B. 116 provides:

"If a county line district is or be-
comes dormant . . ., the provisions of this
Act shall apply and be followed . . . to
the extent of the territory in each respec-
tive county."

That same Section further provides, however,
that:

"The provisions herein for the consolida-
tion of school districts by order of the
County Board of Trustees . . . shall not
be construed to repeal, supersede or lim-
it any existing statute providing other
methods for school district consolidation
and annexation."

Therefore, it is our opinion that the order of
the Concho County school board, considered herein and
dated July 6, 1949, is invalid and of no effect. This
opinion construes only the validity of the order submit-
ted for consideration and the question presented, in the
light of the facts submitted and those herein presumed.

### SUMMARY

The Salt Gap County Line School Dis-
trict, the Melvin County Line Consolidated
Independent School District (under the jur-
isdiction of McCulloch County) and the
Whiteland Common School District located
in McCulloch County, having been consoli-
dated on June 14, 1949, by an election held
in conformance with Article 2806, V.C.S.,

the subsequent order of the County School
Board of Concho County under Article VIII,
S.B. 116, 51st Legislature, purporting to
consolidate that part of Salt Gap County
Line District lying in Concho County with
Millersview Rural High School District in
the same county is invalid.  A.G. Opinion
No. V-866.

                              Very truly yours,

                    ATTORNEY GENERAL OF TEXAS

                    By  *Chester F. Ollison*

CEO:bh:mw                 Chester E. Ollison
                                Assistant


                    APPROVED

                    *Price Daniel*

                    ATTORNEY GENERAL